MOZINGO v. BUSBY et al.*

(Division B.   Feb. 28, 1927.)

[111 So. 442.   No. 26123.]

APPEAL AND ERROR.  *Where record on appeal does not contain pleadings in chancery suit affecting land title, appeal will be dismissed.*
   Where the record on appeal does not contain the pleadings in a suit in chancery affecting the title to land, the court cannot determine the merits of the suit, and the appeal will be dismissed.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 490, n. 42.

APPEAL from chancery court of Wayne county.
HON. V. A. GRIFFITH, Chancellor.

Suit between W. A. Mozingo and P. A. Busby and others.  From an adverse judgment, W. A. Mozingo appeals.  Appeal dismissed.

*W. M. Hutto,* for appellant.

*A. G. Busby* and *Martin Miller,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The record in this case does not contain the pleadings, and we are unable to consider and dispose of the case in their absence.  As no steps have been taken to supply the pleadings prior to the submission of the cause, it will be necessary to dismiss the appeal.

In addition, some of the briefs filed in this case are almost illegible on account of the dim type, showing that a faded or worn-out ribbon was used in writing them.  The frequency with which the rules of the court are disregarded in respect to the records and briefs filed in this court prompts us to call the attention of all

attorneys and clerks to the rules of this court in 104 Miss. 903 to 910, inclusive. Frequently records are not properly indexed. The testimony should be indexed as to each witness and as to direct, cross, and redirect examination. Interrogatories and answers are not set forth consecutively, as required by the rules; and the paper used and typewriting do not conform to the rules. At times the type in some of the briefs received is so dim and the paper so faded that the writing is almost as pale as moonshine on snow. When these records and briefs so written are to be read on a cloudy day, or by a dim light, it is very difficult for the court to receive the aid that briefs are designed to give them.

We admonish counsel to see that clerks conform to the rules of the court so that the records may be promptly handled, and, when it is necessary to do so, in writing briefs, to use new typewriter ribbons and paper of the proper weight. We are satisfied that attention to these suggestions will be helpful.

*Appeal dismissed.*